Jason Schaefer 80560065
Federal Detention Center
P.O. Box 6000
Sheridan, Oregon 97378

United States District Court
District of Columbia

Jason Paul Schaefer,
Plaintiff,

-v-

United States Postal Service,
Defendant.

Case: 1:20-cv-02315
Assigned To : Chutkan, Tanya S.
Assign. Date : 8/19/2020
Description: FOIA/PI (I-DECK)

Complaint for Injunctive Relief

Nature of Action

1. This is an Action under the Freedom of Information Act, 5 U.S.C. § 552, The Privacy Act of 1974, and The Administrative Procedures Act, 5 U.S.C. § 701 et seq., for injunctive and other appropriate relief including the release of records requested by plaintiff

from the Defendant, United States Postal Service.

## Jurisdiction and Venue

2. This Just and Honorable Court has both Subject matter Jurisdiction over this action and personal Jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), (6)(E)(iii).

3. This Court also has Jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 701 et seq.

4. Venue lies under 5 U.S.C. § 552(a)(4)(B)

## Parties

5. Plaintiff is an incarcerated Person who resides in the State of Oregon

6. Defendant United States Postal Service is an Agency of The Executive Branch of the United States Government. The U.S.P.S. is an Agency within the meaning of 5 U.S.C. § 552(f).

### Defendant's Involvement with Federal Case 3:17-CR-00400-H2 and Jason Paul Schaefer

7. Plaintiff Jason Schaefer was indicted on Federal Charges in October of 2017. Over the following nine months, Plaintiff Schaefer was given a few hundred pages of "evidence", and one of the pages demonstrated that a Postal Inspector and a Postal Service Employee, along with State and Federal Law Enforcement, searched a Storage Unit in Beaverton, Oregon, rented by Jason Schaefer.

### Plaintiff's FOIA/P.A. Request

8. By means of a letter to Defendant U.S. Postal Service, and ultimately an Appeal, dated 4/5/2020, and 4/20/2020, respectively, Plaintiff requested under the FOIA and Privacy Act the release of "all records about Jason Schaefer", communications between U.S.P.S. employees and certain F.B.I. and A.T.F. Agents, and records resulting from coordination between the U.S.P.S. and other State and Federal employees during investigations of Jason Schaefer.

## Defendant's Response

9. On May 11, 2020, Defendants responded with 12 pages of redacted records related to Plaintiff's request for information about Jason Schaefer. Defendants provided no records related to involvement with F.B.I and A.T.F. Agents, and no records related to investigations against Jason Schaefer. In Fact, Defendant's response specifically stated "with respect to #3 of your request, a search was conducted... You are advised that the Postal Inspection Service has no record concerning the subject of your query."
Diametric to the Defendant's claim, redactions on the 12 pages were made pursuant to Section 552(b)(7)(c), and Defendants even specifically described how the exemption "provides protection for Law Enforcement information".
Defendant's response letter indicated that while 12 pages of redacted records had been released, more pages had been identified. Defendant's response letter did not describe how many other pages of records had been identified but not released, or why those pages were not released.

The United States Postal Service is not a Law Enforcement Agency, and the fact that they have claimed a Law Enforcement Exemption indicates that they are, in some way, being deceptive in denying the existence of records related to investigations against Jason Schaefer, the existence of further records related to Jason Schaefer, or, are considering the records as not subject to the requirements of FOIA pursuant to the 1986 Amendment's three established "record exclusions". If the U.S.P.S. is considering other records as not subject to the FOIA, synchronically, they are claiming the records as exempt from the Privacy Act, as the Plaintiff's request clearly stated jurisdiction under both Acts in his request.

Tellingly, the 12 pages of redacted records that the U.S.P.S. did produce illustrate pieces of mail delivered to Plaintiff Jason Schaefer in the weeks most proximate to his arrest. In other words, they appear to have been assembled as part of an investigation conducted against him.

Two of the exclusions relied upon by the Defendants are improper; specifically, Exemption 6, and Exemption 7(c).

### Defendants' Exemption 6 Claim

Defendants have claimed that the Return

Addresses plastered on the outside of the mail addressed to Jason Schaefer is shielded under FOIA exemption six, which covers personnel, medical, and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

No person can be expected to have a high interest in the privacy of the return address they have affixed on the outside of a package of sent mail. Furthermore, such information, and it's disclosure, is not a "clearly unwarranted invasion of personal privacy".

This redacted information should also be provided to the plaintiff pursuant to the Privacy Act. The mail item, in each document, is addressed to him.

### Defendants Reliance of Exemption 7(c)

Defendant U.S.P.S. has also claimed exemption 7(c) as related to the return addresses of the mail items displayed in the 12 pages of documents.

Defendant U.S.P.S. is not a Law Enforcement Agency, and has in fact claimed specifically to have no records related to Law Enforcement investigations against Jason Schaefer.

The application of this exemption is, therefore,

particularly capricious and arbitrary.
   Defendant's reliance on Exemption 7(c) is flagrantly improper and contemptible.

Information and Records is Excluded From the FOIA Per 1986 Amendments

   If the Defendants are withholding records due to the unstated reliance on the FOIA's 1986 Amendment Exclusions, such application is clearly improper. Plaintiff Schaefer is imprisoned and sentenced to 42 years. Plaintiff Schaefer can be expected to be aware of investigations conducted against him, and disclosure of the existence of records cannot reasonably be expected to interfere with enforcement proceedings.
   The records are unlikely to be related to identifying information of a Confidential (emphasis supplied) Informant.
   The Records are not Maintained (emphasis supplied) by the Federal Bureau of Investigations, the plaintiff is and has always been a resident and citizen of the United States of America, and is not suspected of being related to International Terrorism.

Claims For Relief

Under the Freedom of Information Act, and

The Privacy Act of 1974, the Plaintiff is entitled to:

a. An injunctive order compelling the Defendant's to disclose the information sought by Plaintiff's request, and the removal of obfuscating redactions, and

b. A Declaratory Judgement Against the Defendants declaring that the Information sought is Disclosable, and

c. Sanctions pursuant to the Administrative Procedures Act and Privacy Act, such as a recommendation to the U.S. Office of the Special Counsel.

Plaintiff Schaefer prays for the foregoing relief, and any other relief deemed appropriate by this Just and Equitable District Court of the District of Columbia.

DATED: 5/28/2020

Respectfully Submitted,

Jason Schaefer 80560065
Federal Detention Center
P.O. Box 6000
Sheridan, Oregon 97378

\* Sworn to be true and correct, upon penalty for perjury \*



Jason Schaefer 80560065
Federal Detention Center
P.O. Box 6000
Sheridan, Oregon 97378

United States District Court
District of Columbia

| | |
|---|---|
| Jason Paul Schaefer, Plaintiff, | Case No. |
| -vs- | Plaintiff's Statement of Additional Facts |
| United States Postal Service, Defendant | |

I, Jason Schaefer, do hereby declare the following to be true and correct, upon penalty for perjury:

The Postal Service appears to have mismanaged my FOIA request and Appeal, resulting in the request being reviewed on two tracks, meaning, it was reviewed by one Postal Service FOIA analyst, who provided

a tracking number and response, and was somehow reviewed by another Analyst, who provided a different tracking number and a different response.

Upon Appeal, a different Appeal tracking number was provided by each Analyst.

Specifically, U.S.P.S. F.O.I.A. analyst Melissa Brantley provided Plaintiff Schaefer with tracking number 2020-FPIS-00232 on April 20, 2020, and on May 11, 2020, provided an additional response to plaintiff's three requests, including 12 pages of redacted documents to Plaintiff's "Request number 1".

At no time did Melissa Brantley state that request number one was too broad, or that documents could not be located.

Plaintiff Schaefer was provided Appeal number 2020-APP-00074 related to these redacted documents provided by Melissa Brantley.

Disjunctively, on April 17, 2020, FOIA Specialist Brenda Rahe responded to the same FOIA request, and stated that request number one was too broad to locate any documents. Brenda Rahe provided tracking number 2020-FPRO-00973.

Plaintiff Schaefer Appealed her refusal

to comply with request number one, and was provided Appeal number 2020-App-00063.

The appeal was denied.

This chronology illustrates the betrayal of Brenda Rahe and Appeal Attorney Dominic Azzopardi by FOIA analyst Melissa Brantley. Clearly, documents sought under request number one can be located.

Brenda Rahe and dominic Azzopardi are capriciously and arbitrarily with-holding disclosable materials and acting in bad Faith.

Dated: 5/28/20

Jason Schaefer 80560065
Federal Detention Center
P.O. Box 6000
Sheridan, Oregon 97378

